IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-98-153-1-C |
| | ) | CIV-16-584-C |
| SCOTT ALEX COPLEN, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

On November 9, 1998, Defendant was convicted on a five-count Indictment charging carjacking or attempted carjacking, as well as the use of firearms in those offenses. At sentencing, the Court imposed life sentences for Counts 1 and 3, the two carjacking offenses, a sentence of 180 months for being a felon-in-possession, all to run concurrently. The Court then imposed a sentence of five years for Count 2, the first count charging use of a firearm in relation to a crime of violence, and 20 years for Count 4, which was the second. These sentences were to run consecutively to all terms of imprisonment and consecutively to each other, as required by the version of 18 U.S.C. § 924(c)(1) then in force. The life sentences were imposed as a result of 18 U.S.C. § 3559(c) which made the life sentences mandatory.

On May 31, 2016, Defendant filed a Motion pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence based upon the Supreme Court's recent ruling in <u>Johnson v. United States</u>, ___ U.S. ___, 135 S.Ct. 2551 (2015). Defendant argues that, to the extent his sentence was based in part on the Armed Career Criminal Act ("ACCA"), he is entitled to

a reduction in his sentence. The Court directed the United States to respond, and after consideration of that Response finds that Defendant's claims for relief are moot.

As Plaintiff notes in its Response, Defendant has already completed his term of imprisonment under the ACCA. Defendant began serving his sentence on February 8 of 1999, and his ACCA-based sentence would have been completed on or before March 2014. Because this sentence was ordered to concurrently with the two life sentences, even granting Defendant relief under Johnson would not decrease the amount of time he has remaining to serve or have any other impact on his imprisonment. "Where judicial relief will not remedy the [defendant's] injury, 'the [defendant] can no longer satisfy the Article III case or controversy jurisdictional requirement and the [claim] is moot.'" United States v. Vera-Flores, 496 F.3d 1177, 1180 (10th Cir. 2007) (quoting United States v. Meyers, 200 F.3d 715, 718 (10th Cir. 2000)). Further, under the "concurrent sentence doctrine", a court may decline to review the length of a concurrent sentence where "the defendant suffers neither prejudice nor collateral consequence as a result of the sentence." United States v. Harris, 695 F.3d 1125, 1139-40 (10th Cir. 2012).

Because granting Defendant relief under Johnson would have no impact on his sentences, the Court finds he has failed to state a live controversy and his 18 U.S.C. § 2255 Motion will be dismissed as moot.

Accordingly, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 53) is DISMISSED AS MOOT.

IT IS SO ORDERED this 11th day of August, 2016.

_____
ROBIN J. CAUTHRON
United States District Judge