IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,   )
                            )
            Plaintiff,      )
                            )
vs.                         )   Case Number CR-98-153-C
                            )               CIV-20-681-C
SCOTT ALEX COPLEN,          )
                            )
            Defendant.      )

## MEMORANDUM OPINION AND ORDER

Proceeding pursuant to a second 28 U.S.C. § 2255 Motion, Defendant seeks a reduction in his sentence. According to Defendant, changes in the law subsequent to his original sentence entitle him to a reduction. Defendant faced a five-count Indictment arising from his actions on May 13, 1998. Those counts are as follows: Count 1, attempting to carjack a woman at a motel, in violation of 18, U.S.C. § 2119; Count 2, using a firearm during and in relation to the attempted carjacking of the woman at the motel, in violation of 18 U.S.C. § 924(c)(1); Count 3, carjacking a school employee, in violation of 18, U.S.C. § 2119; Count 4, using a firearm during and in relation to the carjacking of the school employee, in violation of 18, U.S.C. § 924(c)(1); and Count 5, being a felon in possession of a firearm, in violation of 18, U.S.C. § 922(g)(1). Prior to trial, Plaintiff filed an Information alleging prior crimes sufficient to enhance Defendant's sentence for the carjacking offenses to a mandatory life sentence if he was convicted. Plaintiff also notified Defendant that if he were convicted of Count 5, it would seek an enhanced penalty under 18 U.S.C. § 924(e)(1). After a one-day trial, Defendant was convicted on all

Counts. The Pre-Sentence Report ("PSR") noted that Defendant's prior criminal history made him both an Armed Career Criminal and a Career Offender. At sentencing, the Court found Defendant was an armed career criminal and a career offender and was subject to the Three Strike provision. The Court then imposed life sentences for Counts 1 and 3 and a sentence of 180 months for the felon in possession charge to run concurrently. As required by the statute in force at the time, the Court imposed a 5-year sentence for Count 2 and a 20-year sentence for Count 4 to run consecutively to all other sentences.

The procedural posture in which this matter arises is significant. Defendant first filed a 28 U.S.C. § 2255 Motion on May 31, 2016, challenging application of the Armed Career Criminal Act ("ACCA") to his case in light of Johnson v. United States, 576 U.S. 591 (2015). The Court denied that request on August 11, 2016, finding the issue moot as Defendant had completed his term of imprisonment under the ACCA. Defendant then sought leave to file a second § 2255 Motion raising the present challenges. On July 14, 2020, the Tenth Circuit granted Defendant permission to pursue a second § 2255 Motion.

> [A] successive § 2255 motion must pass through two gates before its merits can be considered: (1) a prima facie showing to the court of appeals that the motion satisfies the requirements of § 2255(h), defined as "a sufficient showing of possible merit to warrant a fuller exploration by the district court," and (2) a determination by the district court that the petition does, in fact, satisfy those requirements.

United States v. Murphy, 887 F.3d 1064, 1068 (10th Cir. 2018) (quoting Bennett v. United States, 119 F.3d 468, 469 (7th Cir. 1997)). In granting permission to file the present Motion, the Tenth Circuit determined Defendant had made a prima facie showing. The

2

Court must now examine the Motion to determine if it does in fact meet the requirements of § 2255(h). "To show that his motion satisfies section 2255(h), [Defendant] must show that his motion contains newly discovered evidence or that it rests on a new rule of constitutional law." United States v. Harrison, 785 F. App'x 534, 536 (10th Cir. 2019), cert. denied, --- U.S. ---, 141 S.Ct. 152 (2020).

Defendant raises two claims in support of his Motion. First, he argues that his 18 U.S.C. § 924(c) conviction must be set aside, as carjacking is a crime of violence only under the residual clause and that clause is unconstitutionally vague under United States v. Davis, --- U.S. ---, 139 S.Ct. 2319 (2019). Second, Defendant argues that the "serious violent felony" charges used to impose his life sentence relied on 18 U.S.C. § 3559(c)'s residual clause and that clause is also unconstitutional. Thus, to pass through the second § 2255(h) gate, Defendant must show these claims rely on the existence of a new rule of constitutional law.

   1.   **Section 924(c)**

Defendant's § 924(c) argument is premised on his position that his crimes violated only the residual clause of that statute. As noted above, the Supreme Court held the residual clause paragraph 3(B) of § 924(c) unconstitutional in Davis. Davis is a new rule of constitutional law and so if Defendant is correct, he would pass through the second gate of § 2255(h) and his Motion could proceed on that issue. However, as Plaintiff notes, Defendant's argument is factually flawed. In United States v. Kundo, 743 F. App'x 201, 203 (10th Cir. 2018), the Circuit stated: "We conclude that no reasonable jurist could

debate whether armed carjacking is a crime of violence under § 924(c)(3)(A)." Thus, Defendant's sentence was not imposed pursuant to the residual clause and Davis has no applicability here. Defendant has failed to pass through the second § 2255(h) gate and he will not be permitted to pursue a § 2255 Motion on his § 924(c) claim.

**2. Section 3559**

Defendant argues that his sentence was enhanced pursuant to § 3559(c)'s residual clause and because that clause is constitutionally infirm his sentence must be reduced. According to Defendant, this enhancement could only be based on application of the residual clause of § 3559(c)(2)(F)(ii). However, as Plaintiff notes, carjacking is an enumerated offence in § 3559(c)(2)(F)(i). Thus, Defendant's argument fails to demonstrate the residual clause applies and thus cannot demonstrate a new rule of law as required to pass through the second § 2255(h) gate.

Alternatively, Defendant challenges his § 3559(c) enhancement arguing that to the extent it relied on the California robbery conviction it unconstitutionally applied the residual clause. According to Defendant, recent Ninth Circuit case law clarifies that robbery under that California statute is not categorically a crime of violence. However, as Plaintiff notes, Defendant's argument faces two obstacles and fails to overcome either. First, the Supreme Court has not held the residual clause of § 3559(c) to be unconstitutional. While that result may be the logical outcome given the other rulings on residual clauses, the current posture of this case – the second gate of § 2255(h) – requires Defendant to demonstrate that ruling has occurred. Defendant is in a position similar to

4

that of the Defendant in United States v. Greer, 881 F.3d 1241 (10th Cir. 2018). The defendant in Greer pursued a second § 2255 Motion to challenge his sentence under the residual clause of § 4B1.2(a)(2) of the Guidelines. The Tenth Circuit rejected the request, noting that Greer was asking the Circuit to determine that the reasoning of Johnson applied to the Sentencing Guidelines. Id. at 1246-47. The Circuit held: "While circuit courts can apply the *reasoning* of Johnson to support a finding that the residual clause of similarly worded statutes are unconstitutionally vague on direct appeal, our review under AEDPA is more limited. AEDPA limits federal habeas relief to new constitutional rights recognized by the *Supreme Court*." Id. at 1247. Finally, the Circuit noted that for purposes of § 2255, "[o]nly the Supreme Court can recognize a new constitutional right." Id. The Circuit then quoted from the Fourth Circuit:

> [A] Supreme Court case has "recognized" an asserted right within the meaning of § 2255(f)(3) if it has formally acknowledged that right in a definite way. *Cf.* Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed. 2d 389 (2000) (interpreting the phrase "clearly established Federal law, as determined by the Supreme Court" within another provision of AEDPA to mean "the holdings, as opposed to the dicta" of Supreme Court precedent). Correspondingly, if the existence of a right remains an open question as a matter of Supreme Court precedent, then the Supreme Court has not "recognized" that right.

Id. (quoting United States v. Brown, 868 F.3d 297, 301 (4th Cir. 2017)). As noted above, the Supreme Court has not yet held the residual clause of § 3559(c) to be unconstitutional. Consequently, Defendant has not demonstrated his claim rests on a right recognized by the Supreme Court and so he cannot pass through the second § 2255(h) gate.

5

Second, Defendant has not demonstrated that he was in fact sentenced under the residual clause of § 3559(c). As Plaintiff notes, the Presentence Report ("PSR") shows that Defendant's sentence was enhanced under § 3559 because he had previously committed two crimes of violence. The PSR noted that the California robbery was a crime of violence because it had as an element the use or threatened use of physical force. Additionally, at the time of sentencing, violation of the California robbery statute was considered a crime of violence. See United States v. David H., 29 F.3d 489, 494 (9th Cir. 1994).[*] David H. provides a historical basis for the legal environment in which the Court made its sentencing decisions. See United States v. Snyder, 871 F.3d 1122, 1129 (10th Cir. 2017). That is, the case law existing at the time of sentencing provides a legal background to understand the clause applied in sentencing Defendant. Here, given the statement in the PSR and the legal environment of the nature of the California robbery statute, it is clear that at sentencing the Court did not rely on the residual clause. See id., quoting United States v. Geozos, 870 F.3d 890, 895 (9th Cir. 2017) (overruled on other grounds) ("'For that reason, it may be possible to determine that a sentencing court did not rely on the residual clause—even when the sentencing record alone is unclear—by looking to the relevant background legal environment at the time of sentencing.'"). Thus, the evidence before the Court supports that Defendant's sentence was not based on the residual

---

[*] The Court notes that David H. has been overruled. See United States v. Garcia-Lopez, 903 F.3d 887 (9th Cir. 2018). However, it is relied on here to define the legal landscape of the California robbery statute at the time Defendant was sentenced. For that purpose, it remains valid.

clause and Defendant has not offered any evidence to the contrary. Accordingly, Defendant cannot make the showing required under § 2255(h). See United States v. Copeland, 921 F.3d 1233 (10th Cir. 2019).

For the reasons set forth herein, Defendant has failed to demonstrate that his 28 U.S.C. § 2255 Motion relies on a new rule of constitutional law. Thus, he has failed to satisfy the requirements of 28 U.S.C. § 2255(h). Accordingly, Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Dkt. No. 67) is DISMISSED without prejudice for lack of jurisdiction.

IT IS SO ORDERED this 22nd day of March, 2021.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge